UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>FOREST AIR, LLC; and THOMAS F. RUBIO,<br><br>                Defendant. | Case No. 1:14-cv-00081-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Currently pending before the Court is Plaintiff PNC Equipment Finance, LLC's motion for attorney fees and nontaxable costs, filed on September 19, 2014. (Dkt. 22.) No response was filed by Defendant by the October 27, 2014 deadline. The undersigned magistrate judge has been referred all post-judgment matters, and issues the following report and recommendation for an award of $26,779.10 in attorney fees and $816.41 in nontaxable costs.

## REPORT

Plaintiff filed this action on March 6, 2014, seeking to recover its collateral upon default of a loan secured by a 1980 Hawker Siddeley aircraft and other collateral.

**REPORT AND RECOMMENDATION - 1**

Defendants appeared by filing a motion for extension of time to file an answer. When an answer was not filed, Plaintiff moved for entry of default and later, for entry of default judgment, both of which were granted. The Court entered default judgment in the amount of $670,959.97 on September 19, 2014, and included a provision allowing for submission of an affidavit requesting attorney fees and costs.

Thereafter, Plaintiff filed a motion for attorney fees and nontaxable costs, seeking attorney fees of $26,779.10 and nontaxable costs of $1,216.41.[1] The lodestar figure was calculated based upon hourly rates of $350 for pro hac vice attorney Terry Shulsky; $375 for senior partner Stephen Hardesty; $305 for Associate Tonn Peterson; and $160 for paralegal Kimberly Sampo. The bulk of the fees were comprised of Mr. Peterson's time, amounting to $12,231.00 in fees, and Ms. Sampo's time, amounting to $3,152.00 in fees. Mr. Hardesty billed only $600.00 for his review of the complaint and a conference call with the client. Pro hac counsel from Pennsylvania billed $10,796.10.

Idaho law governs the award of attorney fees in this matter because federal courts follow state law as to attorney fees in diversity actions. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1270 (9th Cir.1978) (applying Idaho law). Plaintiff seeks fees under Idaho Code § 12-120(3). Pursuant to Idaho Code § 12–120(3), the prevailing party is entitled to an award of attorney fees when a commercial transaction is the gravamen of the lawsuit. *See Erickson v. Flynn*, 64 P.3d 959 (Idaho Ct. App. 2002).

---

[1] On page one of Plaintiff's petition for attorney fees and costs, Plaintiff seeks entry of an order awarding fees in the amount of $26,779.10. However, the affidavit submitted in support of the award documents only $15,983.00 in attorney fees. The motion references that it is supported by the attached affidavit of Tonn Peterson and the affidavit of Terry Shulsky previously submitted on August 4, 2014 at Docket 17-2.

**REPORT AND RECOMMENDATION  - 2**

Plaintiff is the prevailing party in this case. The only determination remaining is whether the fees requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "A reasonable attorney's fee is one calculated on the basis of rates and practices prevailing in the relevant market, i.e., in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Missouri v. Jenkins*, 491 U.S. 274, 286, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

Although the hourly rates are on the high side of the prevailing market rate in Boise, Idaho, they are not out of line with awards this Court has made. *See Community House, Inc. v. City of Boise*, 204 WL 1247758 *5-6 (D. Idaho 2014) (considering hourly rates of $400 for senior counsel); *Mays v. Stobie*, 2012 WL 914928 (D. Idaho Feb. 14, 2012) (accepting lead counsel's hourly rate of $300). However, given this matter was resolved by default, an award of $26,779.10 in attorney fees appears, at first blush, excessive. Nevertheless, from the billing records it appears the collateral was unusual, and there were settlement discussions with Defendants regarding other properties and assets as well as research into the location of those assets. Accordingly, the Court finds that $26,779.10 in attorney fees is reasonable.

In addition to taxable costs submitted to the Clerk of the Court and awarded as a matter of course to the prevailing party pursuant to Fed. R. Civ. P. 54, Plaintiff requests non-taxable costs in the amount of $1,216.41. A prevailing party "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" *Harris v. Manhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)

**REPORT AND RECOMMENDATION - 3**

(holding that reasonable expenses in excess of taxable costs may be proper). Upon review of the non-taxable costs, $400 in filing fees was already requested as part of the bill of costs. The remaining costs are comprised of minimal computer research for skip traces and asset location; a title insurance company report; private process server fees; postage; and pro hac counsel's admission fees. The Court finds the costs are allowable, and will recommend an award of non-taxable costs in the amount of $816.41.

**RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Plaintiff's Motion for Attorney Fees and Non-Taxable Costs (Dkt. 23) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **November 03, 2014**

Honorable Candy W. Dale
United States Magistrate Judge